# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ERIC GIRTON and HEATHER BELL, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE PIEROGUY'S PIEROGIES, LLC, <br><br> Defendant. | Case No. 4:12-CV-00214-DGK |

## ORDER GRANTING MOTION TO RENEW JUDGMENTS

On May 15, 2023, Plaintiffs filed the pending motion, ECF No. 78, to renew the judgments entered against Defendant on May 17, 2013, and July 1, 2013. On May 16, 2023, the Court deferred ruling on the motion pending additional briefing from Plaintiffs concerning service. On May 30, 2023, Plaintiffs filed additional briefing arguing they were not required to serve Defendant because it was in default.

For the following reasons, the motion to renew judgments is GRANTED.

A party seeking to revive a judgment issued by a federal district court may renew that judgment in the federal district court. *McCarthy v. Johnson*, 172 F.3d 63 (table), 1999 WL 46703, at *1 (10th Cir. 1999) (unpublished). The Federal Rule of Civil Procedure governing the renewal of a judgment states that supplementary proceedings in aid of a judgment or execution on a judgment "must accord with the procedure of the state where the court is located, *but a federal statute governs to the extent it applies*." Fed. R. Civ. P. 69(a) (emphasis added). The term "federal statute" includes "the Federal Rules of Civil Procedure, since they have the force and effect of federal statutes." *Schneider v. Nat'l R.R. Passenger Corp.*, 72 F.3d 17, 19 (2d Cir. 1995). Hence,

Rule 69(a) is subject to Rule 5(a)(2), which provides that a litigant is not required to serve a party in default. *Id.*; Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear."). Additionally, the Court agrees with Plaintiffs that when the Court granted Defendant's attorneys leave to withdraw, Defendant then became in default for failure to appear, because a limited liability company cannot proceed pro se in federal court. *See Enslein as Tr. for Xurex, Inc. v. Di Mase*, No. 16-09020-CV-W-ODS, 2019 WL 4411985, at *3 (W.D. Mo. Sept. 16, 2019).

In light of the above, the Court now rules as follows. Plaintiffs are the owners and holders of the judgments and thus judgment creditors; the judgments they seek to revive are less than ten years old; and service of the motion on Defendant was unnecessary (and, for that matter, impossible since Defendant was a limited liability company that is no longer in existence with no attorney or registered agent). The motion is GRANTED.

Pursuant to Rule 69 of the Federal Rules of Civil Procedure and Rule 74.09 of the Missouri Supreme Court Rules, Plaintiffs' judgments against Defendant are hereby revived for an additional ten years.

**IT IS SO ORDERED.**

Dated: June 2, 2023

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT